15-1758-cv
*Hughes v. Town of Bethlehem*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of March, two thousand sixteen.

PRESENT:  RALPH K. WINTER,
DENNY CHIN,
SUSAN L. CARNEY,
            *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

CHRISTOPHER A. HUGHES,
            *Plaintiff-Appellant*,

            v.                                                      15-1758-cv

TOWN OF BETHLEHEM, LOUIS CORSI, Police Chief,
sued in his individual capacity,
            *Defendants-Appellees*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFFS-APPELLANTS:     MICHAEL H. SUSSMAN, Sussman & Watkins, Goshen, New York.

FOR DEFENDANTS-APPELLEES:     THOMAS J. O'CONNOR, Napierski, VanDenburgh, Napierski & O'Connor, LLP, Albany, New York.

Appeal from the United States District Court for the Northern District of New York (Sharpe, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Christopher A. Hughes appeals a May 7, 2015 judgment of the United States District Court for the Northern District of New York entered following a jury trial on Hughes's First Amendment retaliation claims brought under 42 U.S.C. § 1983. The jury determined that: (1) Hughes did not prove that defendants-appellants Town of Bethlehem ("Bethlehem") and Police Chief Louis Corsi retaliated against him for two protected First Amendment activities (union association and speech related to Corsi's use of a racial epithet); (2) Hughes *did* prove that Bethlehem and Corsi retaliated against him for First Amendment speech related to public safety and welfare (that is, a detective's on-the-job intoxication); but (3) Bethlehem and Corsi also proved their affirmative defense that they would have taken the same adverse action in the absence of that speech. On May 7, 2015, the district court denied Hughes's motion for a new trial pursuant to Federal Rule of Civil Procedure 59(a). We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

We review a district court's denial of a Rule 59(a) motion for a new trial on the ground that the verdict was against the weight of the evidence for abuse of

discretion. *See ING Glob. v. United Parcel Serv. Oasis Supply Corp.*, 757 F.3d 92, 97 (2d Cir. 2014). A verdict was against the weight of the evidence if the jury reached a "seriously erroneous result" or the verdict constitutes "a miscarriage of justice." *Farrior v. Waterford Bd. of Educ.*, 277 F.3d 633, 634 (2d Cir. 2002) (quoting *DLC Mgmt. Corp. v. Town of Hyde Park*, 163 F.3d 124, 133 (2d Cir. 1998)). In forming its decision, the district court "may weigh the evidence and the credibility of witnesses and need not view the evidence in the light most favorable to the verdict winner." *Raedle v. Credit Agricole Indosuez*, 670 F.3d 411, 418 (2d Cir. 2012). The district court, however, "should rarely disturb a jury's evaluation of a witness's credibility." *DLC*, 163 F.3d at 134.[1]

To prevail on a First Amendment retaliation claim, the plaintiff must prove that (1) he has engaged in a protected First Amendment activity, (2) he suffered an adverse employment action, and (3) the protected activity substantially motivated the adverse employment action. *Smith v. Cty. of Suffolk*, 776 F.3d 114, 118 (2d Cir. 2015) (*per curiam*). "[A] public employee bringing a freedom of association claim must demonstrate that the association or associational activity at issue touches on a matter of

---

[1] We assume here that the district court's Rule 59(a) decision is reviewable. We have previously held that "a district court deni[al] [of] a motion for a new trial made on the ground that the verdict was against the weight of the evidence . . . is not reviewable on appeal." *Baker v. Dorfman*, 239 F.3d 415, 422 (2d Cir. 2000) (quoting *Dailey v. Societe Generale*, 108 F.3d 451, 458 (2d Cir. 1997)). *Baker* is arguably inconsistent with the authorities cited in the text. *See also Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 435 (1996) (commenting, in context of Rule 59(a) motion to aside the verdict as excessive, that "appellate review for abuse of discretion is reconcilable with the Seventh Amendment" right to a jury trial). We need not resolve this apparent discrepancy, however, in light of our disposition of this appeal.

public concern." *Cobb v. Pozzi*, 363 F.3d 89, 107 (2d Cir. 2004); *Lynch v. Ackley*, No. 14-3751-cv, 2016 WL 335928, at *8 (2d Cir. Jan. 28, 2016) (recognizing that some public agency union activities may be matters of public concern). Likewise, "the First Amendment protects speech uttered by an employee in his or her capacity as a citizen regarding a matter of public concern." *Smith*, 776 F.3d at 118.

Nevertheless, defendants may assert a defense that they would have taken the same adverse action even absent the protected activity -- the so-called *Mount Healthy* defense. *See Nagle v. Marron*, 663 F.3d 100, 111 (2d Cir. 2011) ("[P]rotected speech could not substantially cause an adverse action if the employer would have taken that action in any event . . . ."). *See generally Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 285-87 (1977). Defendants must prove a *Mount Healthy* defense by a preponderance of the evidence. *See Smith*, 776 F.3d at 119.

The district court did not abuse its discretion in not disturbing the jury's verdict here. Hughes asserted at trial that Bethlehem and Corsi retaliated against him in violation of the First Amendment for his (1) union activity, (2) speech regarding Corsi's use of a racial epithet, and (3) speech regarding a detective's intoxication. These First Amendment activities continued from late 2007 through September 2009, even after Hughes left work for medical reasons, including work-related stress, in May 2009. Hughes never permanently returned to work, but from June through September 2009, he continued to air his concerns about the detective's intoxication and Corsi's racist

language at town hall meetings and to local news organizations.  Around September 2, 2009, Hughes also constructed a mobile billboard publicly criticizing Corsi and the town supervisor, among others.

During this timeframe, Bethlehem and/or Corsi:  (1) denied Hughes a promotion, (2) lodged a disciplinary charge against him around April 23, 2009, (3) suspended him without pay for thirty days on May 22, 2009, (4) took away his weapon, badge, and identification on September 4, 2009, (5) prohibited him from entering the police station on September 9, 2009, and (6) referred him for a psychiatric evaluation on October 21, 2009.  Hughes contends that these actions were retaliatory.

Though Hughes's protected First Amendment activities and the questioned actions are temporally intertwined, the district court did not abuse its discretion in determining that the jury's verdict was not seriously erroneous or a miscarriage of justice.  As the district court observed, this is a case of two very different narratives -- and the record permitted the jury to credit either.  Each adverse employment action had an alternative explanation supported by testimony or contemporaneous documentary evidence.

Likewise, the district court did not abuse its discretion in agreeing with the jury that the *Mount Healthy* defense negated retaliation as to Hughes's speech relating to the detective's intoxication.  Though that speech may have substantially motivated Bethlehem and Corsi to take retaliatory action, Hughes also engaged in

erratic behavior in public and toward other officers. This erratic behavior could have been enough for the jury to find that the department would have taken adverse employment actions anyway. Hughes left work for medical reasons because of the stress. Corsi testified that he was concerned about Hughes's "emotional state." J. App. at 502. Based on personal interactions with Hughes, the town supervisor testified that he "became concerned that [Hughes] might harm himself or his family or my family or the Chief because he just seemed to be acting in an erratic manner." *Id.* at 643. A fellow officer further testified about an instance where Hughes entered a restaurant to confront and threaten the officer and his wife while they were dining. Based on these and other circumstances, if it erred at all, the jury did not seriously err in concluding that Bethlehem and Corsi would have taken away Hughes's weapon, badge, and identification, banned him from the office, and subjected him to a psychiatric examination regardless of Hughes's speech regarding the detective's intoxication.

We have reviewed Hughes's remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk